JS 44C/SDNY
REV. 12/2005

**JUDGE BUCHWALD**   CIVIL COVER SHEET   **06 CV 3970**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Missie Lewis | City of New York, et al. |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)     ATTORNEYS (IF KNOWN)

Cronin & Byczek, LLP., 1981 Marcus Avenue, Suite 227, Lake Success, NY 11042
(516) 358-1700

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Title VII Civil Rights Act of 1964 as amended 42 U.S.C., Sec. 1983; NYS Constitution, NYS Executive Law Sec. 296; NY Civil Rights Law Sec. 8-107

RECEIVED
MAY 2 4 2006
U.S.D.C. S.D.N.Y.
CASHIERS

Has this or a similar case been previously filed in SDNY at any time? No [x]  Yes? [ ] Judge Previously Assigned

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)     NATURE OF SUIT

ACTIONS UNDER STATUTES

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 362 PERSONAL INJURY - | [ ] 610 AGRICULTURE | [ ] 422 APPEAL | [ ] 400 STATE REAPPORTIONMENT |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT | MED MALPRACTICE | [ ] 620 FOOD & DRUG | 28 USC 158 | [ ] 410 ANTITRUST |
| [ ] 130 MILLER ACT | LIABILITY | [ ] 365 PERSONAL INJURY | [ ] 625 DRUG RELATED | [ ] 423 WITHDRAWAL | [ ] 430 BANKS & BANKING |
| [ ] 140 NEGOTIABLE | [ ] 320 ASSAULT, LIBEL & | PRODUCT LIABILITY | SEIZURE OF | 28 USC 157 | [ ] 450 COMMERCE/ICC |
| INSTRUMENT | SLANDER | [ ] 368 ASBESTOS PERSONAL | PROPERTY | | RATES/ETC |
| [ ] 150 RECOVERY OF | [ ] 330 FEDERAL | INJURY PRODUCT | 21 USC 881 | PROPERTY RIGHTS | [ ] 460 DEPORTATION |
| OVERPAYMENT & | EMPLOYERS' | LIABILITY | [ ] 630 LIQUOR LAWS | | [ ] 470 RACKETEER INFLU- |
| ENFORCEMENT OF | LIABILITY | | [ ] 640 RR & TRUCK | [ ] 820 COPYRIGHTS | ENCED & CORRUPT |
| JUDGMENT | [ ] 340 MARINE | PERSONAL PROPERTY | [ ] 650 AIRLINE REGS | [ ] 830 PATENT | ORGANIZATION ACT |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT | | [ ] 660 OCCUPATIONAL | [ ] 840 TRADEMARK | (RICO) |
| [ ] 152 RECOVERY OF | LIABILITY | [ ] 370 OTHER FRAUD | SAFETY/HEALTH | | [ ] 480 CONSUMER CREDIT |
| DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | [ ] 690 OTHER | | [ ] 490 CABLE/SATELLITE TV |
| STUDENT LOANS | [ ] 355 MOTOR VEHICLE | [ ] 380 OTHER PERSONAL | | SOCIAL SECURITY | [ ] 810 SELECTIVE SERVICE |
| (EXCL VETERANS) | PRODUCT LIABILITY | PROPERTY DAMAGE | LABOR | | [ ] 850 SECURITIES/ |
| [ ] 153 RECOVERY OF | [ ] 360 OTHER PERSONAL | [ ] 385 PROPERTY DAMAGE | [ ] 710 FAIR LABOR | [ ] 861 MIA (1395FF) | COMMODITIES/ |
| OVERPAYMENT OF | INJURY | PRODUCT LIABILITY | STANDARDS ACT | [ ] 862 BLACK LUNG (923) | EXCHANGE |
| VETERANS BENEFITS | | | [ ] 720 LABOR/MGMT | [ ] 863 DIWC (405(g)) | [ ] 875 CUSTOMER |
| [ ] 160 STOCKHOLDERS SUITS | | | RELATIONS | [ ] 863 DIWW (405(g)) | CHALLENGE |
| [ ] 190 OTHER CONTRACT | | | [ ] 730 LABOR/MGMT | [ ] 864 SSID TITLE XVI | 12 USC 3410 |
| [ ] 195 CONTRACT PRODUCT | | | REPORTING & | [ ] 865 RSI (405(g)) | [ ] 891 AGRICULTURE ACTS |
| LIABILITY | | | DISCLOSURE ACT | | [ ] 892 ECONOMIC |
| [ ] 196 FRANCHISE | | | [ ] 740 RAILWAY LABOR ACT | FEDERAL TAX SUITS | STABILIZATION ACT |
| | | | [ ] 790 OTHER LABOR | | [ ] 893 ENVIRONMENTAL |
| | | | LITIGATION | [ ] 870 TAXES | MATTERS |
| | ACTIONS UNDER STATUTES | | [ ] 791 EMPL RET INC | [ ] 871 IRS-THIRD PARTY | [ ] 894 ENERGY |
| | | | SECURITY ACT | 26 USC 7609 | ALLOCATION ACT |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | | [ ] 895 FREEDOM OF |
| | | | | | INFORMATION ACT |
| [ ] 210 LAND CONDEMNATION | [ ] 441 VOTING | [ ] 510 MOTIONS TO | | | [ ] 900 APPEAL OF FEE |
| [ ] 220 FORECLOSURE | [xx] 442 EMPLOYMENT | VACATE SENTENCE | | | DETERMINATION |
| [ ] 230 RENT LEASE & | [ ] 443 HOUSING | 28 USC 2255 | | | UNDER EQUAL ACCESS |
| EJECTMENT | ACCOMMODATIONS | [ ] 530 HABEAS CORPUS | | | TO JUSTICE |
| [ ] 240 TORTS TO LAND | [ ] 444 WELFARE | [ ] 535 DEATH PENALTY | | | [ ] 950 CONSTITUTIONALITY |
| [ ] 245 TORT PRODUCT | [ ] 445 AMERICANS WITH | [ ] 540 MANDAMUS & OTHER | | | OF STATE STATUTES |
| LIABILITY | DISABILITIES - | [ ] 550 CIVIL RIGHTS | | | [ ] 890 OTHER STATUTORY |
| [ ] 290 ALL OTHER | EMPLOYMENT | [ ] 555 PRISON CONDITION | | | ACTIONS |
| REAL PROPERTY | [ ] 446 AMERICANS WITH | | | | |
| | DISABILITIES -OTHER | | | | |
| | [ ] 440 OTHER CIVIL RIGHTS | | | | |

_Check if demanded in complaint:_

CHECK IF THIS IS A CLASS ACTION      DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
UNDER F.R.C.P. 23      IF SO, STATE:

DEMAND $_____ OTHER _____  JUDGE _____  DOCKET NUMBER_____

_Check YES only if demanded in complaint_
JURY DEMAND: [x] YES [ ] NO      NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | ORIGIN | |
|---|---|---|

☒ 1 Original Proceeding
☐ 2a. Removed from State Court
☐ 2b. Removed from State Court AND at least one party is a pro se litigant
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from (Specify District)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judge Judgment

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☒☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY)    ☐ 4 DIVERSITY

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

### PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Missie Lewis – 751 St. Marks Ave., Apt. B-11, Brooklyn, NY 11216, Kings County

### DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

City of New York, New York County
Raymond Kelly, New York County
Sergeant Frank Giordano,   Kings County
Sergeant Felipe Sansome,   Kings County
Inspector Frank Vega,   Kings County
Sergeant Thomas Boyle,   Kings County

### DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

| Check one: | THIS ACTION SHOULD BE ASSIGNED TO: (DO NOT check either box if this a PRISONER PETITION.) | ☐ WHITE PLAINS | ☒ FOLEY SQUARE |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| 5/24/06 RECEIPT # | *Christine Leonard* | [ ] NO [x] YES (DATE ADMITTED Mo. 05  Yr. 91 ) Attorney Bar Code # CL5020 |

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____  **District of**  New York _____

**SUMMONS IN A CIVIL ACTION**

Missie Lewis  V.  City of New York, et al.

CASE NUMBER

# 06 CV 3970

# JUDGE BUCHWALD

**TO:** (Name and address of Defendant)

See Attached

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Cronin & Byczek, LLP.
1981 Marcus Avenue
Suite 227
Lake Success, NY 11042
(516) 358-1700

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAY 2 4 2006

CLERK  *Marcos Quintero*

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL | $0.00 |
|---|---|---|---|

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                 Date                       *Signature of Server*

                                     _____
                                     *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

The City of New York
C/o New York City Law Department
100 Church Street
New York, NY 10007
New York County

Police Commissioner Raymond Kelly
New York City Police Department
One Police Plaza
New York, NY
New York County

Sergeant Frank Giordano
Evidence Collection
C/o 61st Precinct
2527 Coney Island Avenue
Brooklyn, NY
Kings County

Sergeant Felipe Sansome
C/o 72nd Precinct
830 4th Avenue
Brooklyn, NY 11232
Kings County

Sergeant Thomas Boyle
C/o 72nd Precinct
830 4th Avenue
Brooklyn, NY 11232
Kings County

Inspector Frank Vega
C/o 71st Precinct
421 Empire Blvd.
Brooklyn, NY 11225
Kings County

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
MISSIE LEWIS,

                    Plaintiff,

                                              **COMPLAINT WITH**
        -against-                             **JURY DEMAND**

THE CITY OF NEW YORK, RAYMOND KELLY,
POLICE COMMISSIONER OF THE NEW YORK            Index No.:
CITY POLICE DEPARTMENT, SERGEANT FRANK
GIORDANO, SERGEANT FELIPE SANSOME,
INSPECTOR FRANK VEGA, and SERGEANT
THOMAS BOYLE, in their individual and
professional capacities.

                    Defendants.
-------------------------------------X

     Plaintiff, MISSIE LEWIS ("LEWIS"), by and through her

attorneys, the law firm of CRONIN & BYCZEK, LLP, as and for

her Complaint against defendants, respectfully sets forth

the following:

                    **NATURE OF ACTION**

     1.    This action is hereby commenced for the purpose of

seeking to secure protection of, and to redress the

deprivation of, rights secured by the United States

Constitution, Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 1983, New York State Executive Law §

296, and New York City Human Rights Law §8-107 et. seq.,

providing for relief based upon defendants' unlawful acts of

employment discrimination based upon plaintiff's race, and

unlawful acts of retaliation against plaintiff for engaging

                         1

in the protected activity of formally complaining of said discrimination, and the creation of a hostile work environment.

## JURISDICTION

2.    The jurisdiction of this Court is invoked based upon federal question and pursuant to the Constitution of the United States, the New York State Constitution, 28 U.S.C. §§ 1343(3) and (4), 28 U.S.C. § 1331, as well as 42 U.S.C. § 2000e through § 2000e (15).

3.    This Court has supplemental jurisdiction over the federal claims pursuant to 28 U.S.C. § 1367.

4.    Jurisdiction is also invoked under the doctrine of pendant jurisdiction with respect to any and all state claims set forth in all counts.

5.    The rights, privileges and immunities sought herein to be redressed are those secured by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution and provisions against race discrimination and retaliation in employment based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983, along with applicable provisions of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

## <u>SATISFACTION OF PREREQUISITES UNDER TITLE VII</u>

6.    On or about December 21, 2005, plaintiff, MISSIE LEWIS, in accordance with applicable law, filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which organization receives and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Laws, including Title VII of the Civil Rights Act, as amended.

7.    Said Complaint of Discrimination charged that defendants engaged in unlawful employment discrimination practices based upon plaintiff's race, retaliation for engaging in protected activity, and the creation of a hostile work environment.

8.    On February 24, 2006, the EEOC issued a "Right to Sue" Letter advising plaintiff of the completion of her prerequisites to file suit in federal court. Plaintiff received said "Right to Sue" Letter on March 1, 2006. A copy of the "Right to Sue" Letter issued to plaintiff is annexed hereto as **Exhibit "A"**.

### <u>VENUE</u>

9.    Venue is proper within the Southern District of this Court, County of New York, State of New York, as the course of defendants' conduct took place within the boundaries of the

3

County of New York, State of New York, and the instant causes of action are based upon violations of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

## PARTIES

10.   Plaintiff, MISSIE LEWIS, is a female citizen of the United States and a resident of Kings County, State of New York. At all times relevant to this action, plaintiff LEWIS was, and still is, a uniformed member of the New York City Police Department where she has served as a Police Officer for eleven (11) years.

11.   Defendant, CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York. Defendant CITY OF NEW YORK is authorized by law to maintain a Police Department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

12.   Defendant RAYMOND KELLY ("KELLY") has been Police Commissioner of the New York City Police Department since January 2002 and was acting in such capacity at all times relevant herein; he is sued in his official capacity.

13.   Defendant FRANK GIORDANO ("GIORDANO") is a Sergeant in the New York City Police Department and had supervisory authority over plaintiff at the time of the actions herein

4

complained of; he is being sued in his individual and his official capacity.

14.   Defendant FELIPE SANSOME ("SANSOME") is a Sergeant in the New York City Police Department and had supervisory authority over plaintiff at the time of the actions herein complained of; he is being sued in his individual and his official capacity.

15.   Defendant FRANK VEGA ("VEGA") is a Deputy Inspector in the New York City Police Department and had supervisory authority over plaintiff at the time of the actions herein complained of; he is being sued in his individual and his official capacity.

16.   Defendant THOMAS BOYLE ("BOYLE") is a Sergeant in the New York City Police Department and had supervisory authority over plaintiff at the time of the actions herein complained of; he is being sued in his individual and his official capacity.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS

17.   Plaintiff MISSIE LEWIS began her employment with the New York City Police Department following her appointment as a New York City Police Officer on June 30, 1995.  Plaintiff is an African American female and as such, is a member of a protected class.

5

18.   Beginning on or about July 22, 2005 and continuing to the present date, plaintiff has been subjected to continuous discrimination based upon her race, including the creation of a hostile work environment, as well as retaliation for engaging in the protected activity of formally complaining to the New York City Police Department Office of Equal Employment Opportunity ("NYPD OEEO") and the EEOC about said discriminatory behavior.

19.   Plaintiff is currently assigned as a Police Officer at the 72nd Precinct and has been since June, 2002. Throughout her employment with the NYPD, plaintiff LEWIS always received good performance and behavioral evaluations.

20.   Prior to the discriminatory and retaliatory acts complained of, LEWIS was a plaintiff in several lawsuits commenced against the NYPD for employment discrimination. Specifically, LEWIS was one of fifty plaintiffs in a lawsuit charging the NYPD with race-based transfers from the 70th precinct; was the sole plaintiff in an action against the NYPD and employee thereof alleging sexual harassment; and LEWIS was a member of the certified class of plaintiffs in a class action suit commenced against the NYPD by the National Latino Officers Association for discrimination based on race and national origin.

21.   Upon information and belief, plaintiff's

6

supervisors, including named defendants, had knowledge of plaintiff's former lawsuits of discrimination against the NYPD and engaged in a pattern and practice of retaliation and further discrimination thereafter.

22.  On or about February, 2005, plaintiff was denied for the first time, a promotion to an undercover narcotics officer in the Narcotics Division.  At that time, plaintiff was advised that she was denied the promotion based upon the number of her arrests and the number of times plaintiff has called in sick.

23.  On or about July 22, 2005, plaintiff was written up in the minor violations log for being late for roll call despite the fact that similarly situated Caucasian officers who were late for roll call were not written up in the minor violations log.

24.  On or about August 5, 2005, defendant, GIORDANO, verbally reprimanded plaintiff for not adhering to a summons quota despite the fact that plaintiff was continuously detailed to other precincts and further given non-patrol assignments, i.e., guarding of hospitalized prisoners and transportation of prisoners.  Such assignments are generally considered to be rookie assignments or punishment. Defendant, GIORDANO, thereafter took plaintiff off patrol and reassigned her to transport duty once again.

7

25.    Defendant, GIORDANO, is a Caucasian male.  Upon information and belief, similarly situated Caucasian officers with less seniority than plaintiff were not regularly detailed to other precincts or given undesirable assignments such as those regularly given to plaintiff.

26.    Additionally, defendant GIORDANO wrote plaintiff up in the minor violations log on August 5, 2005 for an "improper cap device".  Upon information and belief, no other officers have been written up for said alleged violation.

27.    On or about August 6, 2005, plaintiff returned to the 72 Precinct from a transport assignment.  After entering the Precinct station house, defendant SANSOME, yelled in a loud voice at plaintiff for not immediately advising defendant SANSOME of the reason plaintiff was in the Precinct station house.  Plaintiff responded to defendant SANSOME that that was fine and requested that defendant SANSOME not speak to plaintiff in that manner.  Defendant SANSOME retaliated by invading plaintiff's personal space and further yelling at plaintiff, stating that he would speak to plaintiff in manner that he liked.

28.    Defendant SANSOME thereafter reassigned plaintiff to foot patrol.  Plaintiff, who began to have chest pains from the stress of the situation, requested that she be

8

placed on limited capacity.  Defendant SANSOME again yelled at plaintiff and ordered plaintiff to wait for the commanding officer.

29.  Defendant, Deputy Inspector VEGA, the commanding officer at the time, ordered plaintiff to report to the Psychological Unit of the NYPD.  As a result, plaintiff's weapons and shield were taken from her.

30.  Defendants SANSOME and VEGA are Caucasian males. Upon information and belief, no other similarly situated Caucasian officer has been treated in this manner.

31.  On or about August 7, 2005, plaintiff was determined "fit for duty" by the NYPD psychologist.

32.  Additionally, defendant SANSOME wrote plaintiff up in the minor violations log on August 6, 2006 for failing to announce at the desk the reason she was in the precinct station house.  Upon information and belief, no similarly situated Caucasian officers have been written up for said alleged violation.

33.  On or about August 8, 2005, plaintiff attempted to file an internal complaint of discrimination and retaliation with the NYPD EEO.  Plaintiff was advised by Detective Marilyn Pagan of the NYPD EEO that plaintiff's complaint was outside their guidelines and there was nothing they could do.

9

34.  As of this date, plaintiff has not been interviewed by the NYPD EEO in connection with her complaint of discrimination and retaliation.

35.  On or about September 4, 2005, in a further attempt to harass and retaliate against plaintiff for filing an internal EEO complaint, defendant, Sgt. BOYLE, issued plaintiff a Command Discipline for allegedly failing to answer her radio.  Said Command Discipline was not acted upon because the Central Communications Division confirmed that plaintiff was on meal when the call was placed to her radio and never should have been issued a Command Discipline.

36.  On or about October, 2005, plaintiff was again interviewed by the NYPD Narcotics Unit for the position of undercover narcotics officer.  Lt. Marie Bogley and Sgt. Michelle Turner, who conducted plaintiff's interview, advised plaintiff that they would recommend the promotion. However, plaintiff's promotion was thereafter squashed by the Chief of Narcotics despite the recommendation for promotion and the fact that plaintiff had increased the number of her arrests and had not called in sick since December, 2004.  Upon information and belief, plaintiff was denied the promotion in retaliation for her internal complaints of discrimination and retaliation.

10

37.   On or about February 8, 2006, plaintiff was on meal in the station house of the 72 Precinct when she was again harassed by defendant BOYLE.  Sergeant Boyle stated to plaintiff, "If you know that I am watching you, why did you sign out in civilian clothes yesterday?"  Plaintiff responded that it was common practice in the precinct for officers to sign out in civilian clothing and in fact, Sergeant Carrera had also signed out in civilian clothes the day before.

38.   Defendant BOYLE wrote plaintiff up for failing to wear her belt keeper on her gun belt, despite the fact that plaintiff was on meal at the time and had not worn her belt keeper in the ten years that she has been a police officer. Upon information and belief, many police officers do not to wear their belt keepers.  Furthermore, no similarly situated Caucasian officers have ever been written up for failure to wear their belt keeper.

39.   Defendant BOYLE thereafter attempted to suspend plaintiff for failure to comply with a lawful order and for being discourteous.  However, plaintiff was not suspended because she was on meal at the time.  Defendant BOYLE instead issued plaintiff a Command Discipline for allegedly being discourteous and failure to comply with a lawful order.

11

40.    Plaintiff filed an internal EEO complaint with Sergeant Girshon, and eventually received a complaint number.

41.    Since that time, plaintiff has continuously been severely harassed, intimidated, and retaliated against by defendants.  Plaintiff is subject to disparate treatment in regards to her assignments, promotions, and disciplined. Additionally, plaintiff's work is unjustly subject to an intense level of scrutiny that similarly situated Caucasian officers are not subjected to.  Defendants have created a hostile and threatening work environment making it extremely difficult for plaintiff to focus on her duties and responsibilities.

42.    On or about April 20, 2006, Sergeant E. Ortiz of the NYPD Internal Affairs Division demanded to speak to plaintiff while plaintiff was off-duty.  Sergeant Ortiz interrogated plaintiff for approximately two hours in an unmarked black SUV in front of the 77 Precinct which is plaintiff's residential precinct.  The interrogation sought information pertaining to plaintiff's Charge of Discrimination filed with the NYPD EEO and the U.S. EEOC. Plaintiff was denied union and legal representation during this interrogation.

43.    Said interrogation violated plaintiff's civil and

12

constitutional rights, violated the Patrol Guide, and was intended to further intimidate, harass, and retaliate against plaintiff for engaging in protected activity.

44. On or about April 27, 2006, Sergeant Bruce of the NYPD Absence Control Unit personally visited plaintiff at her home without cause and for the sole purpose of retaliatory harassment. Plaintiff, who was home sick at the time, is not categorized as "chronic sick" or on probation. When plaintiff telephoned the Sick Desk to inquire as to the unwarranted and inappropriate monitoring, plaintiff was advised that "someone had made a phone call".

45. On April 28, 2006, Sgt. Bruce telephone plaintiff's residence to check up on plaintiff, and again visited plaintiff's home on April 29th. Sgt. Ariana of the Absence Control Unit personally visited plaintiff's home on April 30th and again on May 1st. Plaintiff was thereafter advised by Lt. Valenti that he was revoking plaintiff's "pass" to leave her residence. Said acts were unwarranted and intended only to further harass plaintiff in retaliation for her complaints of discrimination.

46. Most recently, on or about May 19, 2006, plaintiff was issued another Command Discipline for not answering her radio despite the fact that plaintiff at the time, was detailed to Manhattan and out of radio frequency for the

precinct.

## AS AND FOR PLAINTIFF'S FIRST CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF 42 U.S.C. § 1983

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants are in violation of 42 U.S.C. § 1983, which authorizes this Court to redress the deprivation of rights, privileges and/or immunities secured by the United States Constitution that occur under color of state law.

49. Throughout the events recited herein, the defendants while acting under color of law, subjected plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution and Civil Rights as guaranteed under Article I, Section II of the New York State Constitution, based on plaintiffs gender, and in retaliation for plaintiff's opposition to discrimination, in violation of 42 U.S.C. §1983.

50. As a result, plaintiff has been deprived of her Constitutional Rights, been damaged and suffered emotional distress and conscious pain and suffering as a result of

these actions.  The actions of defendants in depriving Plaintiff of her constitutional rights, as hereinbefore stated, were willful and malicious.

51.  As a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus legal expenses.  As a result of defendants' actions, plaintiff has suffered economic loss and continues to suffer to this day.

**AS AND FOR PLAINTIFF'S SECOND CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON RACIAL DISCRIMINATION**

52.  Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "51" above, as if fully set forth herein.

53.  Defendants, in their individual and professional capacities, discriminated against plaintiff based upon her race by treating similarly situated Caucasian employees more favorably. The cumulative effect of defendants' conduct created an abusive, offensive and contaminated work atmosphere.

54.  The named defendants condoned, tolerated and undertook these unlawful actions while acting in their individual and professional capacities as plaintiff's supervisors.

55.  As a result of defendants' racial discrimination, plaintiff suffered significant adverse employment actions.

15

56.    By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2.

57.    As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with defendants; the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

58.    Because of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S THIRD CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON RETALIATION

59.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "58" above, as if fully set forth herein.

60.    Based upon the above, plaintiff was discriminated against by defendants by being forced to endure continued and repeated harassment.

61.    Defendants intentionally and willfully harassed plaintiff and permitted plaintiff to be harassed in employment by retaliating against plaintiff for exercising

her lawfully protected right to formally complain of defendants' discrimination and retaliatory acts. Defendants retaliated against plaintiff by denying her of the conditions, terms and privileges of her employment. The cumulative effect of defendants' conduct created an abusive, offensive and contaminated work atmosphere.

62. No significant action was taken by defendant, CITY OF NEW YORK, its OEEO division, or its agents, to stop the harassment, retaliation, and discrimination of plaintiff, thereby contributing to a hostile work environment. Defendants condoned, tolerated and undertook these unlawful retaliatory actions while acting in their individual and professional capacities as plaintiff's supervisors.

63. By engaging in the acts set forth in the preceding paragraphs, the named defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-3 (a).

64. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with defendants; the denial of a safe and hostile-free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

65. Because of the foregoing, plaintiff has been

17

damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S FOURTH CLAIM AGAINST DEFENDANT CITY OF NEW YORK PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON HOSTILE WORK ENVIRONMENT

66. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "65" above, as if fully set forth herein.

67. Defendants engaged in activities which created a hostile working environment for plaintiff, including, but not limited to, subjecting plaintiff to unwarranted criticisms and complaints, a higher level of scrutiny and monitoring, threats of discipline and unjustified measures of discipline and punishment, embarrassment and humiliation, and refusing to respond to plaintiff's demands to cease and desist said discrimination and harassment.

68. The named defendants acted in their individual and professional capacities. No significant action was taken by defendant, CITY OF NEW YORK, to stop the harassment, retaliation, and discrimination of plaintiff, thereby contributing to a hostile work environment.

69. By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by 42 U.S.C. § 2000e-2 for which they are liable.

70.   As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with defendants and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

71.   Because of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

**AS AND FOR PLAINTIFF'S FIFTH CLAIM AGAINST ALL DEFENDANTS**
**PURSUANT TO VIOLATIONS OF**
**NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON RACE**

72.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "71" above, as if fully set forth herein.

73.   Defendants, in their individual and professional capacities, discriminated against plaintiff based upon her race by treating similarly situated Caucasian employees more favorably. The cumulative effect of defendants' conduct created an abusive, offensive and contaminated work atmosphere.

74.   Named defendants condoned, tolerated and undertook these actions while acting in their individual and professional capacities as plaintiff's supervisors.

75.   As a result of defendants' racial discrimination,

19

plaintiff suffered significant adverse employment actions.

76.   By engaging in the acts set forth in the preceding paragraphs, the named defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296.

77.   As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with defendants; the denial of a safe and hostile free environment; and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

78.   Because of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S SIXTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON RETALIATION

79.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "78" above, as if fully set forth herein.

80.   Defendants engaged in activities constituting retaliation against plaintiff for her complaints, and in opposition to racial discrimination and retaliation of

20

plaintiff, including, but not limited to, subjecting plaintiff to derogatory comments and hostility, unwarranted criticisms and complaints, a higher level of scrutiny and monitoring, threats of discipline and unjustified punishment, embarrassment and humiliation in front of other employees, and refusing to respond to plaintiff's demands to cease and desist the discrimination, harassment, and retaliation. The named defendants, in their individual and professional capacities, retaliated against plaintiff because she opposed practices made unlawful by New York Law Executive Law § 296.

81. By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296(1) for which they are liable.

82. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with defendants and the embarrassment, humiliation and mental and emotional distress and financial loss suffered as a consequence of defendants' actions.

83. Because of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

21

## AS AND FOR PLAINTIFF'S SEVENTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW §296 BASED UPON HOSTILE WORK ENVIRONMENT

84. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "83" above, as if fully set forth herein.

85. Defendants engaged in activities which created a hostile working environment for Plaintiff, including, but not limited to, subjecting plaintiff to unwarranted criticisms and complaints, intense levels of scrutiny and monitoring, threats of discipline and unjustified measures of discipline and punishment, embarrassment and humiliation, and refusing to respond to plaintiff's demands to cease and desist said discrimination and harassment.

86. The named defendants acted in their individual and professional capacities.

87. By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by New York Executive Law § 296(1) for which they are liable.

88. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with defendants and the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of

22

defendants' actions.

89.   Because of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S EIGHTH CLAIM PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON HOSTILE WORK ENVIRONMENT

90.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "89" above, as if fully set forth herein.

91.   Defendants engaged in activities that created a hostile working environment for Plaintiff based upon defendants' continuous and persistent discriminatory behavior based upon plaintiff's race and in retaliation for plaintiff's lawful exercise of her constitutional rights, and defendant's refusal to respond to plaintiff's demands to cease and desist.

92.   The named defendants acted in their individual and professional capacities.

93.   By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

94.   As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial

23

of career opportunities and privileges rising from her employment with defendants, and also the embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

95. Because of the foregoing plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

### AS AND FOR PLAINTIFF'S NINTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON RACE

96. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "95" above, as if fully set forth herein.

97. Defendants discriminated against Plaintiff by engaging in activities constituting racial discrimination, including, but not limited to, condoning, tolerating and engaging in discriminatory conduct against plaintiff with respect to the terms, conditions and privileges of her employment because of her race.

98. The named defendants, condoned, tolerated and undertook these actions while acting in their individual and professional capacities as plaintiff's supervisors.

99. By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-

107 for which they are liable.

100. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities arising from her employment with defendants and has suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of the defendants' actions.

101. Because of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## AS AND FOR PLAINTIFF'S TENTH CLAIM AGAINST ALL DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK CITY HUMAN RIGHTS LAW § 8-107 BASED UPON RETALIATION

102. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "101" above, as if fully set forth herein.

103. Defendants engaged in retaliatory activities against Plaintiff for her complaints and objections to the discrimination based upon race and her prior complaints of discrimination, including but not limited to, unwarranted criticisms, complaints and threats of discipline, higher levels of scrutiny and monitoring, unjustified discipline and punishment, embarrassment and humiliation in front of

25

other employees, and refusing to respond to plaintiff's demands to cease and desist.

104. The named defendants condoned, tolerated and undertook these actions while acting in their individual and professional capacities as plaintiff's supervisors.

105. By engaging in the acts set forth in the preceding paragraphs, defendants engaged in an unlawful employment practice as defined by New York City Human Rights Law § 8-107 for which they are liable.

106. As a result of the foregoing, plaintiff has suffered injury and incurred damages because of the denial of career opportunities and privileges arising from her employment with defendants and has also suffered embarrassment, humiliation and mental and emotional distress and financial loss as a consequence of defendants' actions.

107. Because of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).


## AS AND FOR PLAINTIFF'S ELEVENTH CLAIM AGAINST ALL DEFENDANTS
### (MONELL CLAIM)

108. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "107" above, as if fully set forth herein.

109. Defendant, CITY OF NEW YORK, has embarked on a course of conduct that deprives plaintiff and other minority police officers of their rights under the United States Constitution and federal and state law in violation of 42 U.S.C. §1983.

110. The actions of defendants, acting under of color of state and local law, custom and usage, have deprived plaintiff and will deprive other minority police officers in the future of their rights, privileges and immunities under the laws and Constitution of the United States, and in particular, their right to be free of employment practices that are based solely on race and retaliation.

111. By these actions, defendants have jointly and severally deprived plaintiff of her rights under the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983.

112. By virtue thereof, plaintiff is entitled to a permanent injunction against the NYPD, together with compensatory and punitive damages, prohibiting the defendants from continuing to violate plaintiff's civil rights as hereinbefore stated.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable
Court grant the following relief:

1.   Declaring that the aforementioned discriminatory
actions of defendants are unconstitutional, and are in
violation of the United States Constitution, Title VII of
the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983,
the New York State Constitution, New York State Executive
Law § 296, and New York Civil Rights Law § 8-107;

2.   Granting plaintiff money damages in the amount of
no less than FIVE MILLION DOLLARS ($5,000,000.00) in
compensatory damages or in an amount to be proven at trial
for each cause of action;

3.   Granting plaintiff, TWO MILLION DOLLARS
($2,000,000.00) in punitive damages;

4.   Granting plaintiff injunctive relief;

5.   Granting plaintiff all costs for this action,
including reasonable attorneys fees incurred by plaintiff;
and

6.   Granting plaintiff such other and further relief
as may be just and proper.

28

## JURY TRIAL

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Dated:  Lake Success, New York
        May 23, 2006

                    Yours, etc.
                    CRONIN & BYCZEK, LLP

                    By: _____

                    CHRISTINA A. LEONARD (CL 5020)
                    Attorneys for Plaintiff
                    1981 Marcus Avenue, Suite 227
                    Lake Success, New York  11042-1016
                    (516) 358-1700

**Exhibit A**

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Missie Lewis**
    **751 St. Marks Avenue (B-11)**
    **Brooklyn, NY 11216**

From: **New York District Office - 520**
       **33 Whitehall Street**
       **5th Floor**
       **New York, NY 10004**

|   | *On behalf of person(s) aggrieved whose identity is* *CONFIDENTIAL (29 CFR § 1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **160-2006-00124** | **Patricia M. Araujo,** **Investigator** | **(212) 336-3681** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans with Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge. |
| [ ] | Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge. |
| [ ] | While reasonable efforts were made to locate you, we were not able to do so. |
| [ ] | You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged. |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_____
**Spencer H. Lewis, Jr.,**
**Director**

02/24/06
*(Date Mailed)*

Enclosure(s)

cc: **NEW YORK POLICE DEPARTMENT, LEGAL BUREAU**
    **Legal Bureau, One Police Plaza**
    **New York, NY 10038**
    **c/o Jonathan David, Esq., Assistant Counsel**



### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### New York District Office

33 Whitehall Street, 5th Floor<br>
New York, NY 10004-2112<br>
Phone: (212) 336-3620<br>
General Fax: (212) 336-3625<br>
TTY: (212) 336-3622

**Patricia M. Araujo**
**Federal Investigator**
Phone (212) 336-3681
Fax (212) 336-3621

February 23, 2006

Ms. Missie Lewis
751 St. Marks Avenue, B-11
Brooklyn, NY 11216

Re:   EEOC Charge No.:  160-2005-00124
      *Lewis   v.   NYC POLICE DEPARTMENT*

Dear Ms. Lewis:

The EEOC has concluded its inquiry into your allegations of discrimination against *the NYC Police Department* ("Respondent"). Under the Equal Employment Opportunity Commission's (EEOC) charge prioritization procedures, we focus our resources only on those charges that are most likely to result in findings of violations of the laws we enforce. In accordance with these procedures, the EEOC has evaluated this charge based on the information you provided.

You alleged that you were discriminated against and retaliated by the Respondent because of your race, African American, in violation of Title VII of the Civil Rights Act of 1964, as amended. More specifically, you alleged that you have been working for Respondent from on or around June 30, 1995. You claim that due to your race, Black, and because of your previous participation in discriminatory complaints against Respondent, you have been the target of harassment, sent to the worst assignment, and subjected to a hostile work environment. You also claim that in retaliation for complaining, you have been the victim of disparate discipline and denied promotion opportunities.

Contrary to your allegations, Respondent denies your allegation of race discrimination and retaliation. Respondent claims that all its actions were motivated for legitimated, non-discriminatory business reasons, and solely based on its established internal policies and procedures. Respondent position is that they have investigated the allegations raised by you and have found them to be without merit.

EEOC Charge No.: 160-2005-00124
*Lewis   v.  NYC POLICE DEPARTMENT*
Page 2 of 2

      Based upon the information that you and Respondent provided, the Commission is unable to conclude that the information establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

      Thus, the EEOC's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue.  Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge with 90 days of receipt of said notice.  Otherwise, your right to sue will be lost.

                    Sincerely,

                    Patricia M. Araujo
                    Senior Investigator

cc:    File

*Index No.*                    ·        *Year* 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MISSIE LEWIS,

                                                    Plaintiffs,

          -against-

THE CITY OF NEW YORK, RAYMOND KELLY, POLICE COMMISSIONER OF THE NEW
YORK CITY POLICE DEPARTMENT, SERGEANT FRANK GIORDANO, SERGEANT
FELIPE SANSOME, INSPECTOR FRANK VEGA, and SERGEANT THOMAS BOYLE, in
their individual and professional capacities,

                                                    Defendants.

## COMPLAINT WITH JURY DEMAND

CRONIN & BYCZEK, LLP
ATTORNEYS AT LAW
1981 MARCUS AVENUE, SUITE 227
LAKE SUCCESS, NEW YORK 11042-1055
(516) 358-1700

*To:*

*Attorney(s) for*

*Service of a copy of the within*                    *is hereby admitted.*

*Dated:*

..................................................

                    *Attorney(s) for*

## PLEASE TAKE NOTICE

☐
NOTICE OF
ENTRY
*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*                    20

☐
NOTICE OF
SETTLEMENT
*that an Order of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within named Court,*
*at*
*on*                    20          *, at*               M.

*Dated:*

CRONIN & BYCZEK, LLP
ATTORNEYS AT LAW
1981 MARCUS AVENUE, SUITE 227
LAKE SUCCESS, NEW YORK 11042-1055